[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising four assignments of error, defendant-appellant Tyrone Hafford appeals his conviction, after a jury trial, of the aggravated robbery of Justin Harrison, in violation of R.C. 2911.01(A)(1), with two firearm specifications.
In the first assignment of error, Hafford contends that the conviction was based upon insufficient evidence. To reverse a conviction for insufficient evidence, an appellate court, reviewing the evidence in the light most favorable to the state, must determine whether a rational factfinder could not have found the essential elements of the crime proven beyond a reasonable doubt.[1] In doing so, the appellate court may neither resolve evidentiary conflicts in the defendant's favor nor substitute its assessment of the credibility of the witnesses for that of the trier of fact.[2]
To convict Hafford of aggravated robbery in this case, the state had to prove that he or an accomplice, while attempting or committing a theft offense, had a deadly weapon on or about his person or under his control and displayed, brandished, or used it, or indicated that he possessed it.[3] Hafford contends that the testimony of the state's primary witness, the victim, was not believable. But matters as to the credibility of witnesses were primarily for the trier of fact to decide.[4]
The state presented the testimony of the victim, Justin Harrison, at trial. He testified that Hafford wore a red and white mask, and red and black army fatigues, when Hafford stopped him on the street. Harrison also testified that he was able to see part of Hafford's face, his height, and his build. Harrison attempted to walk away when an accomplice came from behind a dumpster, put a gun to Harrison's neck and told him to lie on the ground. While Harrison was on the ground, Hafford went through his pockets. Harrison's wallet, his shoes, a chain, and other identification were taken by Hafford. Harrison was told to get up and start running. He did. Harrison promptly made a 911 call from his friend's house nearby. Harrison testified that if it had not been for his friend, who had come out of his house in response to his scream that he had been robbed, there would have been no description of the fleeing car.
Officer Gregoire responded to the call for assistance. Officer Gregoire testified that he put out a broadcast based on descriptions of the perpetrators given by the victim and a description of the car seen by the victim's friend. The car was stopped later that same evening. Most of Harrison's belongings were recovered from the car that night, as well as a mask and a firearm. Four persons were removed from the car. Harrison was brought to the scene. Harrison testified that he identified the two people who had robbed him that night, one person by face, and the other, Hafford, by his distinctive clothing. The evidence, when viewed in a light most favorable to the state, was sufficient to support Hafford's conviction. Thus, we overrule the first assignment of error.
In the second assignment of error, Hafford contends that the jury's verdict was against the manifest weight of the evidence. In a manifest-weight challenge, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice so as to entitle the defendant to a new trial.[5] After reviewing the record, we cannot conclude that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Hafford's conviction and order a new trial. Thus, we overrule the second assignment of error.
In the third assignment of error, Hafford contends that he was denied the effective assistance of counsel as a result of the failure to object to the prosecutor's improper comments during closing argument and the failure to move for a mistrial when the trial court improperly instructed the jury regarding those improper comments. To prevail on such a claim, Hafford must show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced his defense so that he was denied a fair trial.[6] To show prejudice, Hafford must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.[7] Hafford's attempts to persuade us to find ineffective assistance in this case are based largely on generalities, not specific examples. The failure to object to various unspecified errors, alone, is not enough to sustain a claim of ineffective assistance of counsel.[8] Further, the transcript shows that defense counsel objected to the prosecutor's public-purpose closing argument, that the trial court sustained the objection, and that the jury was instructed to ignore the improper argument. Since Hafford did not show that any particular failure to object substantially violated any essential duty or was prejudicial, we overrule the third assignment of error.[9]
In the fourth assignment of error, Hafford contends that he was deprived of a fair trial by the prosecutor's misconduct during closing argument and by the prosecutor's threats against a state's witness. The test for prosecutorial misconduct is whether remarks were improper, and, if so, whether they prejudicially affected substantial rights of the accused.[10] The touchstone of the analysis is the fairness of the trial, not the culpability of the prosecutor.[11]
We conclude that the prosecutor improperly commented on the decision to go forward with a reluctant witness when it was argued that without a trial, there would have been more "[H]affords out there * * * more red and black army fatigues * * * more weapons stuck into people's ears." But defense counsel immediately objected to the improper argument, and the trial court agreed and immediately instructed the jury,
 We are not here to prove anything to society. We are not here to prevent other crimes. We are here to decide the issues in this case. Decide the facts. Decide whether the state has proven the essential elements beyond a reasonable discount [sic] * * * [t]he public purpose argument by either side is inappropriate.
Regarding the contention that threats had been made by the prosecutor, on recross-examination by defense counsel, the victim, Harrison, answered "yes" when asked whether, if he did not testify, that he would be "violated" and go to prison. But Harrison also answered "maybe" when asked, "As you sit here today do you think that you have to point him out to avoid going to prison?" At the same time, he also told defense counsel that he had been offered money by Hafford on two occasions in an attempt to bribe him. On re-direct examination by the prosecutor, Harrison answered, "The nature of the crime was wrong, I admit that," but that he also remarked that he did not want Hafford to go to jail just because of what he said during his testimony; and when finally pressed, he answered that Hafford was involved in robbing him that night. When the prosecutor's comments are evaluated in the context of the entire trial, we are convinced that Hafford was not deprived of a fair trial. Thus, we overrule the fourth assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] See Jackson v. Virginia (1970) 443 U.S. 307, 319, 99 S.Ct. 2781, 2789; State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Mechlem (Jan. 24, 1996), Hamilton App. No. C-950328, unreported, citing State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819, 825, certiorari denied (1992), 506 U.S. 921,113 S.Ct. 338; State v. Williams (1997), 79 Ohio St.3d 1, 10, 679 N.E.2d 646, 656, certiorari denied (1998), 522 U.S. 1053, 118 S.Ct. 703.
[3] See R.C. 2911.01(A)(1).
[4] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[5] See State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 547; State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720.
[6] See Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064; accord State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373; see, also State v. Jones (2000), 90 Ohio St.3d 403,407, 739 N.E.2d 300, 308.
[7] See State v. Bradley (1989), 42 Ohio St.3d 136, 137, 373 N.E.2d 373,375, paragraph three of the syllabus.
[8] See State v. Fears (1999), 86 Ohio St.3d 329, 347, 715 N.E.2d 136,153, citing State v. Holloway (1988), 38 Ohio St.3d 239, 244,527 N.E.2d 831, 837.
[9] See id.
[10] See State v. Smith (2000), 87 Ohio St.3d 424, 442, 721 N.E.2d 93,112, citing State v. Smith (1984), 14 Ohio St.3d 13, 14, 470 N.E.2d 883,885.
[11] See id., citing Smith v. Phillips (1982), 455 U.S. 209, 219,102 S.Ct. 940, 947.